IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.M., *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 14-2131 |
| | : | |
| **CHICHESTER SCHOOL** | : | |
| **DISTRICT** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

This 10th day of February, 2015, the Motion to Dismiss of Defendants Donald Patterson and Carol Worrell ("Motion to Dismiss") on the basis of qualified immunity is **GRANTED,** and Plaintiffs' claims against Defendants Donald Patterson and Carol Worrell are **DISMISSED with prejudice.**

I.   Qualified Immunity

Defendants assert that they are shielded from Plaintiffs' suit by qualified immunity. As the Third Circuit has explained, "qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

To determine whether qualified immunity protects officials in a particular case, courts must consider:

(1) whether the facts alleged by the plaintiff show the violation of a constitutional right, and (2) whether the law was clearly established at the time of the violation.

*Id.*

I address each element in turn.

1. **Have Plaintiffs alleged a violation of a constitutional right?**

    *a) Fourth Amendment Seizure Claim*

Defendants argue that this claim should be dismissed because "there is no authority for a Fourth Amendment claim based upon a failure to notice a student sleeping on a bus." Motion to Dismiss at 5. They argue that students can only be seized for Fourth Amendment purposes in connection with school disciplinary actions. *Id.* Plaintiffs counter that when Defendants forgot about and locked K.M. on the school bus, they subjected him to a "seizure" not unlike when police arrest a suspect and lock her in a confined space. Plaintiffs' Brief in Opposition to Defendants Donald Patters and "Mary Doe's" Motion to Dismiss ("Plaintiffs' Opposition" at 3–4.)

I agree with Defendants that Plaintiffs have not stated a claim of Fourth Amendment seizure, for the reasons set forth in my related Memorandum Opinion, filed this same date, relating to Defendant Chichester School District's Motion to Dismiss.

   *b) Fourteenth Amendment State-Created Danger Claim*

Plaintiffs **have** alleged a plausible set of facts establishing a violation of the Fourteenth Amendment. The "state-created danger" claim is a well-recognized claim. *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006). It has the following elements:

   (1) "the harm ultimately caused was foreseeable an fairly direct;"

   (2) state actor acted with a degree of culpability that shocks the conscience;

   (3) a relationship between the state and the plaintiff existed such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general; and

>   (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizens or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Id.* at 281.

For the reasons articulated in my Memorandum Opinion, filed this same date, addressing Defendant Chichester School District's Motion to Dismiss, I agree with Plaintiffs that they have alleged facts supporting all the elements of a state-created danger claim. However, as set forth above, that does not end the inquiry for purposes of a qualified immunity defense, because I must consider the second element of the test.

**2. Was the right allegedly violated clearly established?**

To overcome qualified immunity, a plaintiff must not only successfully allege a violation of a constitutional right, but that right must have been clearly established at the time the claim arose. *Kelly*, 622 F.3d at 253. A right is clearly established if, given the circumstances, a reasonable official could not have believed his conduct was lawful. *Id.*

Plaintiffs point out that students are "possessed of rights guaranteed under the Fourth and Fourteenth Amendments," and these rights are clearly established. Plaintiffs' specific theory of liability under the Fourteenth Amendment, the "state-created danger" is also well-established. *See Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996).

However, for the purposes of qualified immunity, the court must focus more narrowly on whether a right is established in the circumstances of the case. "[T]he right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." *Wilson v. Layne*, 526 U.S. 603, 615 (1999). The exact factual situation presented need not have been the subject of prior authority, but earlier precedent must be sufficiently analogous that a prudent government official would recognize that similar principles

3

must guide their conduct. As the rule was described by the Supreme Court: "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (internal citation omitted).

Cases such as *Wilson v. Layne* illustrate the level of specificity required. 526 U.S. at 615, In *Layne*, the Supreme Court considered whether police violated the Fourth Amendment when they brought a reporter and photographer into a suspect's home while executing an arrest warrant. *Id*. at 606. The Court found that although the officers' conduct violated the Fourth Amendment, qualified immunity shielded the officers from liability, explaining that the "appropriate question is the objective inquiry whether a reasonable officer could have believed that bringing members of the media into a home during the execution of an arrest warrant was lawful, in light of clearly established law and the information the officers possessed." *Id.* at 615.

Here, I believe the appropriate question to be whether a reasonable school official would recognize a constitutional dimension to the procedures used in securing the buses used to transport students. There is certainly authority that schools may cause a state-created danger through improper supervision of special needs students. For example, in *Maxwell v. School Dis. of City of Phila.*, 53 F. Supp. 2d 787, 792–93 (E.D. Pa. 1999), Judge Brody of this court found that the plaintiff stated a state-created danger claim by alleging a teacher locked students in a classroom and then ignored two students who allegedly seized the plaintiff and raped her at the back of the classroom. Similarly, in *Susavage v. Bucks County Schools Intermediate Unit No. 22*, 2002 WL 109615, at *14 (E.D. Pa. Jan. 22, 2002), Chief Judge Giles denied a motion to dismiss a state-created danger claim that arose when a bus driver improperly harnessed a special

4

needs student to her seat.  The harness became entangled around the student's neck and caused her death.  *Id.* at *2.

These cases addressed conduct on the part of the state actors that was more deliberate than the conduct of defendants here, and standing alone these two district court cases are not enough to constitute "a robust 'consensus of cases of persuasive authority' " clearly establishing the right at issue in the circumstances of this case.  *Ashcroft v. Al-Kidd*, 131 S.Ct. 2074, 2083 (2011) (citing *Layne*, 526 U.S. at 617).  Accordingly, although Plaintiffs have alleged a 14th Amendment violation, in this context I cannot find that the right was so clearly established that a reasonable official would know that it rose the level of a deprivation of K.M.'s civil rights.

II.     Are Plaintiffs' 42 U.S.C. § 1983 claims time-barred?

Because the individual Defendants are shielded by qualified immunity, I do not reach their argument that Plaintiffs' claims are time-barred.

       /s/ Gerald Austin McHugh
United States District Court Judge